UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                            CRIMINAL NO. 3:23-CR-122-HTW-ASH-1

JACORIE SMITH

ORDER

Defendant Jacorie Smith asks the Court to reconsider its February 6, 2024 order of detention pending trial. Mot. [329]. The Government responded in opposition to Smith's motion; Smith failed to file a reply, and the time to do so under the local rules has now expired. *See* L.U. Crim. R. 47(D). As explained below, the Court denies Smith's motion.

Smith and several others were indicted by the federal grand jury in December 2023 on drug-trafficking charges. Smith was arrested on January 23, 2024, and had an initial appearance before United States Magistrate Judge F. Keith Ball on January 24, 2024. Judge Ball held a detention hearing on January 30, 2024, and ordered Smith detained. Specifically, Judge Ball found that the Government proved "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure [Smith's] appearance as required" due to (1) the fact that Smith is "[s]ubject to a lengthy period of incarceration if convicted," (2) Smith's "[p]rior criminal history," (3) his "[p]articipation in criminal activity while on probation, parole, or supervision," (4) a "[h]istory of alcohol or substance abuse," and (5) a "[l]ack of stable employment." Order [77] at 2.

Smith now asks the Court "to reconsider the pretrial detention ordered." His motion does not cite a statutory basis for the request, but the Court reads it as asking the Court to reopen the detention hearing under 18 U.S.C. § 3142(f). That section provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

To have a detention hearing reopened, "[t]he defendant must . . . present 'new' information." *United States v. Walton*, No. 24-CR-66, 2024 WL 5110174, at *2 (E.D. La. Dec. 13, 2024) (citing *United States v. Stanford*, 367 F. App'x 507, 509–10 (2010)). "Courts interpreting 'new and material information' under § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and courts have interpreted the requirements of this provision strictly." *Id.* (quoting *United States v. Adams*, No. 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024)). And "the new evidence 'must relate in some significant or essential way to the decision whether to detain.'" *Id.* (quoting *United States v. Shelton*, No. 4:24-CR-27, 2024 WL 4821462, at *2 (E.D. Tex. Nov. 18, 2024)); *see also United States v. Parrish*, No. 3:19-CR-160-L (5), 2021 WL 4046741, at *3 (N.D. Tex. Mar. 26, 2021) ("[T]he length of [a defendant's] current or potential future detention [cannot] be considered under [§ 3142(f)] since it is not material to the issue of risk of flight or dangerousness." (quoting *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989))), *report and recommendation adopted*, 2021 WL 4034516 (N.D. Tex. Sept. 3, 2021).

Smith's motion presents no new and material information justifying reopening the detention hearing. It merely complains of the length of his detention due to delays not "associated with, or caused by, Defendant Jacorie Smith." Mot. [329] ¶ 8. Those delays do not constitute new information under § 3142(f) and are not a basis to reopen the detention hearing. Smith's motion [329] is denied.

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2025.

                                               s/ *Andrew S. Harris*
                                               UNITED STATES MAGISTRATE JUDGE